**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION**

ELGIN MAYS,

        Petitioner,

vs.                               Case No.:    3:15-cv-495-J-34JRK
                                                                  3:12-cr-110-J-34JRK

UNITED STATES OF AMERICA,

        Respondent.
_____/

**ORDER**

This case is before the Court on Petitioner Elgin Mays's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence (Civ. Doc. 1, Motion to Vacate).[1] The United States has responded. (Civ. Doc. 9, Response). Mays did not file a reply. The Court referred the claim in Ground One for an evidentiary hearing to determine whether Mays's trial counsel failed to file a notice of appeal or failed to consult Mays in regard to an appeal. The Honorable James R. Klindt, United States Magistrate Judge, conducted a hearing and prepared a Report and Recommendation (Civ. Doc. 20, Report) recommending that the Court deny relief as to Ground One, to which Mays did not object.

Pursuant to 28 U.S.C. § 2255 and Rule 8(a) of the Rules Governing Section 2255 Proceedings[2], the Court has determined that an evidentiary hearing is not necessary to resolve the merits of Grounds Two and Three. See Rosin v. United States, 786 F.3d 873,

---

[1] Citations to Mays's criminal case file, United States of America v. Elgin Mays, 3:12-cr-110-J-34JRK, are denoted as "Crim. Doc. __." Citations to Mays's civil § 2255 case file, 3:15-cv-495-J-34JRK, are denoted as "Civ. Doc. __."

[2] Rule 8(a) of the Rules Governing Section 2255 Proceedings requires the Court to review the record, including any transcripts and submitted materials, to determine whether an evidentiary hearing is warranted before deciding on a § 2255 motion.

1

877 (11th Cir. 2015) (an evidentiary hearing on a § 2255 motion is not required when the petitioner asserts allegations that are affirmatively contradicted by the record or patently frivolous, or if in assuming the facts that he alleges are true, he still would not be entitled to any relief); Patel v. United States, 252 F. App'x 970, 975 (11th Cir. 2007).[3]

For the reasons set forth below, the Court will accept the Report and Recommendation with respect to Ground One and determines that Grounds Two and Three lack merit as well. Thus, the Motion to Vacate is due to be denied.

**I.     Background**

On July 18, 2012, a grand jury in the Middle District of Florida indicted Mays on two counts of distribution of cocaine base, in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(C) (Counts One and Two), and one count of possession of a firearm by a convicted felon, in violation of 18 U.S.C. §§ 922(g)(1) and 924(e) (Count Three). (Crim. Doc. 1, Indictment).

On August 15, 2013, Mays pled guilty under a written plea agreement to Count Three, possession of a firearm by a convicted felon. (Crim. Doc. 37, Plea Agreement). In doing so, Mays admitted that he had two prior convictions for the sale or delivery of cocaine, plus another conviction for the sale of heroin, Plea Agreement at 20, ¶¶ 1, 3, and 5, and also acknowledged that he was facing a mandatory minimum sentence of 15 years in prison, see id. at 2, ¶ 2.[4] Mays did not dispute, either at the change of plea colloquy or

---

[3] Although the Court does not rely on unpublished opinions as precedent, they may be cited throughout this Order as persuasive authority on a particular point. Rule 32.1 of the Federal Rules of Appellate Procedure expressly permits the Court to cite to unpublished opinions that have been issued on or after January 1, 2007. Fed. R. App. P. 32.1(a).

[4] Ordinarily, possession of a firearm by a convicted felon is punishable by a maximum of ten years' imprisonment and has no mandatory minimum. 18 U.S.C. § 924(a)(2). However, under the Armed Career Criminal Act (ACCA), if a person is convicted of possession of a firearm by a

2

the sentencing hearing, that he was eligible for the ACCA's 15-year mandatory minimum sentence. (See generally Crim. Doc. 48, Mays's Sentencing Memorandum). The Court ultimately sentenced Mays to a term of ten years in prison – five years less than the mandatory minimum – based on his cooperation with law enforcement and the United States' motion for a substantial assistance reduction. (Crim. Doc. 47, Substantial Assistance Motion). Mays did not file a notice of appeal. He did, however, timely file the instant Motion to Vacate.

## II. The Motion to Vacate

Mays raises three grounds in the Motion to Vacate. Ground One is titled as follows: "Petitioner's Plea Was Involuntary, Unintelligent, and Unknowingly, [sic] Based On Counsel's Ineffectiveness And Below the Standards In Not Pursuing A Direct Appeal Upon The Petitioner's Request To Do So." Motion to Vacate at 14. Despite the title, Petitioner does not make any allegations regarding the knowing and voluntary nature of his guilty plea. Nevertheless, the Court observes that the change of plea transcript confirms that Mays knowingly and voluntarily entered his plea. (See Crim. Doc. 59, Change of Plea

---

convicted felon, and he has three or more prior convictions "for a violent felony or a serious drug offense, or both, committed on occasions different from one another," then a 15-year mandatory minimum prison sentence applies and the maximum potential sentence is life in prison, § 924(e)(1).

The ACCA defines the term "violent felony" to mean any crime punishable by more than one year of imprisonment that either "has as an element the use, attempted use, or threatened use of physical force against the person of another," § 924(e)(2)(B)(i), or "is burglary, arson, or extortion, involves use of explosives, or otherwise involves conduct that presents a serious potential risk of physical injury to another," § 924(e)(2)(B)(ii). The emphasized words constitute the so-called "residual clause," which the Supreme Court held to be unconstitutionally vague in Johnson v. United States, 135 S. Ct. 2551, 2563 (2015). The Supreme Court left the remainder of the ACCA intact. Id.

3

Transcript at 9-32).[5] However, Mays does allege that he instructed counsel to file a notice of appeal and that counsel refused to do so. Motion to Vacate at 14-15. Mays claims he wanted to raise various issues regarding his sentence, but "counsel felt that Petitioner had waived all of his Appeal rights away, and therefore, refused under the Fifth and Sixth Amendments to file a Direct Appeal on Petitioner's behalf." Id. at 14. The Court referred this claim to the assigned magistrate judge for an evidentiary hearing, which is the subject of the Report.

In Ground Two, Mays asserts that his ACCA sentence is unconstitutional in light of Johnson, 135 S. Ct. 2551. He contends that his prior conviction under Florida law for aggravated fleeing and eluding does not qualify as an ACCA predicate offense for two reasons: (1) the government did not prove the conviction through the use of Shepard documents, and (2) the Supreme Court has held that the ACCA's residual clause is unconstitutionally vague.

Next, in Ground Three, Mays contends that trial counsel gave ineffective assistance by failing to contest whether his three prior convictions for the sale of a controlled substance, under Florida law, qualified as ACCA predicate offenses. Mays argues that because section 893.13(1)(a), Florida Statutes, does not require any mens rea with respect to the nature of the controlled substance, a prior conviction under that statute cannot qualify as a "serious drug offense" under the ACCA. Mays argues that Moncrieffe v. Holder, 133 S. Ct. 1678 (2013), and Donawa v. U.S. Att'y General, 735 F.3d 1275 (11th Cir. 2014), which are both deportation cases, support his claim.

---

[5] Indeed, Mays stated at the evidentiary hearing that if he could do it all over again, he would still enter into the same plea agreement. (Civ. Doc. 18, Evidentiary Hearing Transcript ["E.H. Tr."] at 32).

4

The United States responds that Mays's claims lack merit. With respect to Ground One, the United States elicited testimony from trial counsel at the evidentiary hearing that Mays was satisfied with his sentence, that he expressed no interest in appealing, and that he indicated to counsel that he did not wish to appeal. E.H. Tr. at 94, 96. With respect to Ground Two, the United States argues that Mays still qualifies for the ACCA enhancement because he has three prior convictions that qualify as "serious drug offenses." As for Ground Three, the United States counters that the authorities on which Mays relies do not support his position, and that his prior drug convictions indeed qualify as ACCA serious drug offenses.

### III.     Discussion

Pursuant to Title 28, United States Code, Section 2255, a person in federal custody may move to vacate, set aside, or correct his sentence. Section 2255 permits such collateral challenges on four specific grounds: (1) the imposed sentence was in violation of the Constitution or laws of the United States; (2) the court did not have jurisdiction to impose the sentence; (3) the imposed sentence exceeded the maximum authorized by law; or (4) the imposed sentence is otherwise subject to collateral attack. 28 U.S.C §2255(a) (2008). Only jurisdictional claims, constitutional claims, and claims of error that are so fundamentally defective as to cause a complete miscarriage of justice will warrant relief through collateral attack. United States v. Addonizio, 442 U.S. 178, 184-86 (1979). A petitioner's challenge to his sentence based on a Sixth Amendment claim of ineffective assistance of counsel is normally considered in a collateral attack. United States v. Teague, 953 F.2d 1525, 1534 n. 11 (11th Cir. 1992). Additionally, a petitioner's challenge

5

to his ACCA sentence is cognizable in a § 2255 motion. Spencer v. United States, 773 F.3d 1132, 1143 (11th Cir. 2014) (en banc).

As with any Sixth Amendment ineffective assistance of counsel claim, a § 2255 petitioner must demonstrate both: (1) that his counsel's conduct amounted to constitutionally deficient performance, and (2) that his counsel's deficient performance sufficiently prejudiced his defense. Strickland v. Washington, 466 U.S. 668, 687 (1984); Weeks v. Jones, 26 F.3d 1030, 1036 (11th Cir. 1994). In determining whether the petitioner has satisfied the first requirement, i.e. that counsel performed deficiently, the Court adheres to the standard of reasonably effective assistance. Weeks, 26 F.3d at 1036. The petitioner must show that, in light of all the circumstances, counsel's performance fell outside the "wide range of professionally competent assistance." Id. To satisfy the second requirement, that counsel's deficient performance prejudiced the defendant, the petitioner must show that there is a reasonable probability that, but for counsel's error, the result of the proceeding would have been different. Id. at 1036-37 (citing Strickland, 466 U.S. at 694). In determining whether a petitioner has met the two prongs of deficient performance and prejudice, the Court considers the totality of the evidence. Strickland, 466 U.S. at 695. However, because both prongs are necessary, "there is no reason for a court… to approach the inquiry in the same order or even to address both components of the inquiry if the defendant makes an insufficient showing on one." Id. at 697; see also Wellington v. Moore, 314 F.3d 1256, 1261 n. 1 (11th Cir. 2002) ("We need not discuss the performance deficiency component of [petitioner's] ineffective assistance claim because failure to satisfy the prejudice component is dispositive.").

When a claim is based on the Supreme Court's invalidation of the ACCA's residual clause, a petitioner must establish that his ACCA sentence "'turn[ed] on the validity of the residual clause.' In other words, he must show that the clause actually adversely affected the sentence he received." Beeman v. United States, 871 F.3d 1215, 1221 (11th Cir. 2017) (quoting In re Thomas, 823 F.3d 1345, 1349 (11th Cir. 2016)). "Only if the movant would not have been sentenced as an armed career criminal absent the existence of the residual clause is there a Johnson violation." Id.

> That will be the case only (1) if the sentencing court relied solely on the residual clause, as opposed to also or solely relying on either the enumerated offenses clause or elements clause (neither of which were called into question by Johnson) to qualify a prior conviction as a violent felony, and (2) if there were not at least three other prior convictions that could have qualified under either of those two clauses as a violent felony, or as a serious drug offense.

Id. "[L]ike any other § 2255 movant, a Johnson § 2255 claimant must prove his claim" by "show[ing] that—more likely than not—it was use of the residual clause that led to the sentencing court's enhancement of his sentence." Id. at 1221-22.

### A. Ground One

As noted above, Mays claims that counsel either failed to file a requested notice of appeal or failed to consult him about an appeal. Consistent with Roe v. Flores-Ortega, 528 U.S. 470 (2000), and Gomez-Diaz v. United States, 433 F.3d 788 (11th Cir. 2005), the Court requested that Judge Klindt conduct a hearing to ascertain: (1) whether Mays specifically requested that trial counsel file a notice of appeal, thereby triggering counsel's duty to do so, (2) if Mays neither directed his attorney to appeal nor affirmatively directed her not to appeal, whether counsel consulted Mays in a reasonable effort to determine the client's wishes, and whether counsel acted in accordance with those wishes, and (3) if

counsel did not consult Mays under Question 2, whether counsel had a duty to do so either because (a) a rational defendant would have wanted to appeal, or (b) Mays reasonably demonstrated to counsel that he was interested in appealing. (Civ. Doc. 11, Order Referring Ground One for Hearing at 4).

Judge Klindt conducted the hearing on March 21, 2018 (Civ. Doc. 18, Evidentiary Hearing Transcript) ("E.H. Tr."), and issued the Report on June 4, 2018. In the Report, Judge Klindt recommends that the Court find that Mays "never instructed [counsel] to file a notice of appeal; indeed, he affirmatively indicated to her that he did not want her to appeal." Report at 16 (emphasis added). Because Judge Klindt recommends that the Court find that "Petitioner in substance affirmatively directed Ms. Irvin not to file a notice of appeal," he recommends a finding that counsel's decision not to file an appeal was not "in derogation of Petitioner's wishes." Id. at 17 (citing Flores-Ortega, 528 U.S. at 477). Alternatively, Judge Klindt recommends a finding that while counsel did not consult Mays about an appeal, she did not have a duty to do so because (a) a rational defendant in Mays's circumstances would not have wanted to appeal, and (b) Mays did not reasonably express an interest in appealing. Id. at 17-20. Mays did not file any objections to the Report.

The Court may "accept, reject, modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b). If no specific objections to findings of facts are filed, the district court is not required to conduct a de novo review of those findings. See Garvey v. Vaughn, 993 F.2d 776, 779 n.9 (11th Cir. 1993); see also 28 U.S.C. § 636(b)(1). However, the Court must review legal conclusions de novo. See Cooper-Houston v. Southern Ry. Co., 37 F.3d 603, 604 (11th Cir. 1994); United States v. Rice, No. 2:07-mc-8-FtM-29SPC, 2007 WL 1428615 at *1 (M.D. Fla. May

14, 2007). Under 28 U.S.C. § 636(c), only a district judge has authority to issue the final judgment on a § 2255 motion. Brown v. United States, 748 F.3d 1045, 1072 (11th Cir. 2014).

Upon independent review of the file and for the reasons stated in the Magistrate Judge's Report, the Court will accept and adopt the legal and factual conclusions recommended by the Magistrate Judge. Judge Klindt reasonably determined that Mays's trial counsel, Sylvia Irvin, was the more credible witness. Report at 16. Ms. Irvin testified that she met with Mays after the sentencing hearing, that Mays was satisfied with his sentence, and that Mays did not want to file an appeal. E.H. Tr. at 94, 96. Additionally, a rational defendant in Mays's position would not have wanted to appeal, considering (1) he received a sentence that was five years below the mandatory minimum, and (2) he waived the right to appeal. See Otero v. United States, 499 F.3d 1267, 1270-71 (11th Cir. 2007) (a rational defendant in the petitioner's shoes would not have wanted to appeal, considering that the petitioner pled guilty, received a sentence at the low end of the guidelines range predicted by his lawyer, and he waived the right to appeal). Accordingly, the Court adopts the Report and relief on Ground One is due to be denied.

### B. Ground Two

In Ground Two, Mays argues that his sentence as an armed career criminal is unconstitutional for two reasons. First, the United States allegedly failed to use Shepard documents to prove that one of his prior convictions – for aggravated fleeing and eluding under Florida law – qualifies as an ACCA predicate. Second, aggravated fleeing and eluding no longer counts as an ACCA-qualifying offense because the Supreme Court held in Johnson that the ACCA's residual clause is unconstitutionally vague.

The Court need not address Mays's argument with respect to his prior conviction for fleeing and eluding because it has no impact on his ACCA status. Indeed, Mays is not entitled to relief because at the time the Court imposed the sentence, Mays had three other qualifying convictions. Specifically, Mays had three prior convictions under Florida law for a serious drug offense: one for the sale of heroin, in Case No. 2009-CF-001811 (Fla. 12th Cir.); one for the sale or delivery of cocaine, in Case No. 2006-CF-3155 (Fla. 12th Cir.); and one for the sale of rock cocaine, in Case No. 2002-CF-2626 (Fla. 12th Cir.). Plea Agreement at 20; see also PSR at ¶ 28. Mays admitted the existence of these prior convictions in his Plea Agreement, and never contested their existence or validity before or at the sentencing hearing. Each of these crimes is an offense under section 893.13(1)(a), Florida Statutes, which makes it a crime to "sell, manufacture, or deliver, or possess with intent to sell, manufacture, or deliver, a controlled substance." Heroin is a controlled substance under section 893.03(1)(b), and cocaine is a controlled substance under section 893.03(2)(a), which means it is a second degree felony to sell either substance under section 893.13(1)(a)1. In Florida, a second degree felony is punishable by a term of imprisonment of up to 15 years. § 775.082(3)(d).

The ACCA defines the term "serious drug offense" to include "an offense under State law, involving manufacturing, distributing, or possessing with intent to manufacture or distribute, a controlled substance (as defined in section 102 of the Controlled Substances Act (21 U.S.C. [§] 802)), for which a maximum term of imprisonment of ten years or more is prescribed by law." 18 U.S.C. § 924(e)(2)(A)(ii). The sale of heroin or cocaine, in violation of section 893.13(1)(a)1, Florida Statutes, therefore qualifies as a

10

"serious drug offense" because by definition it (1) involves distributing[6] (2) a controlled substance listed in 21 U.S.C. § 802[7] and (3) carries a maximum term of imprisonment of ten years or more. Indeed, the Eleventh Circuit has said, albeit in unpublished decisions, that both crimes are a serious drug offense under the ACCA. See Rhodes v. United States, No. 16-17202-C, 2017 WL 5952933, at **1-2 (11th Cir. Jun. 6, 2017) (prior Florida conviction for possession of heroin with intent to sell qualified as a serious drug offense) (order by Rosenbaum, J., denying certificate of appealability); United States v. Smith, 775 F.3d 1262, 1268 (11th Cir. 2014) (sale of cocaine in violation of section 893.13(1)(a)1, Fla. Stat., is a serious drug offense).[8]

Accordingly, Mays has not shown that his ACCA sentence depended on the residual clause. Beeman, 871 F.3d at 1221. Mays had "at least three other prior convictions that could have qualified … as a serious drug offense." Id. As such, Johnson does not afford Mays any relief from his ACCA sentence.

---

[6] The sale of a controlled substance is a form of distribution. United States v. Johnson, 515 F. App'x 844, 847 (11th Cir. 2013).

[7] Heroin and cocaine are both controlled substances under the Controlled Substances Act. 21 U.S.C. § 802. Heroin is an opium derivative under 21 U.S.C. § 802(17)(A), as well as an "opiate" or "opioid" under 21 U.S.C. § 802(18). Cocaine is a listed controlled substance under 21 U.S.C. § 802(17)(D).

[8] Moreover, Mays never contested that his prior drug convictions made him eligible for the ACCA enhancement. To the contrary, he recognized when he pled guilty that he was subject to the ACCA's 15-year mandatory minimum sentence. Plea Agreement at 2; Plea Tr. at 17-18. At the evidentiary hearing on Ground One, Mays stated that he recognized Johnson does not help him. E.H. Tr. at 27-28, 40-41.

11

### C. Ground Three

Finally, in Ground Three, Mays asserts that his trial counsel was ineffective because she failed to contest whether his prior drug convictions qualified as serious drug offenses under the ACCA. Specifically, Mays argues that because section 893.13(1)(a), Florida Statutes, does not require any mens rea with respect to the nature of the controlled substance, a prior conviction under that statute cannot qualify as an ACCA "serious drug offense." Mays argues that the Supreme Court's decision in Moncrieffe, 133 S. Ct. 1678, and the Eleventh Circuit's decision in Donawa, 735 F.3d 1275, support this argument.

May's reliance on Moncrieffe and Donawa is unavailing. Preliminarily, the Court notes that both of these cases arose in the context of deportation and addressed the meaning of an "aggravated felony" under 8 U.S.C. § 1227(a)(2)(iii), part of the Immigration and Nationality Act. Thus, neither case involved the meaning of a serious drug offense under the ACCA. More importantly, in Smith, 775 F.3d 1262, the Eleventh Circuit addressed and rejected the very argument Mays now raises. Citing Donawa and other cases, one of the appellants in Smith argued that his prior convictions under section 893.13(1)(a), Florida Statutes, were not serious drug offenses because the Florida statute does not include an element of mens rea with respect to the illicit nature of the controlled substance. The Eleventh Circuit rejected that argument, observing that "[n]o element of mens rea with respect to the illicit nature of the controlled substance is expressed or implied by" the ACCA's definition of a "serious drug offense." Smith, 775 F.3d at 1267. The court held that "[s]ection 893.13(1) of the Florida Statutes is both a 'serious drug offense,' 18 U.S.C. § 924(e)(2)(A), and a 'controlled substance offense,' U.S.S.G. § 4B1.2(b). Neither definition requires that a predicate state offense includes an element of

mens rea with respect to the illicit nature of the controlled substance." Smith, 775 F.3d at 1268. Like the prior convictions at issue in Smith, Mays's prior convictions under section 893.13(1)(a), Florida Statutes, are serious drug offenses despite the absence of an element of mens rea regarding the illicit nature of the drug.

Smith establishes that trial counsel had no basis for arguing that Mays's prior convictions for selling cocaine and heroin were not serious drug offenses. Even if counsel had argued that the convictions did not qualify as ACCA predicates because of the lack of a mens rea requirement, the argument would have failed. Counsel cannot be deemed ineffective for not raising a meritless argument. Ladd v. Jones, 864 F.2d 108, 110 (11th Cir.1989) ("[S]ince these claims were meritless, it was clearly not ineffective for counsel not to pursue them."). As such, Ground Three lacks merit.

### IV. Certificate of Appealability Pursuant to 28 U.S.C. § 2253(c)(1)

If Mays seeks issuance of a certificate of appealability, the undersigned opines that a certificate of appealability is not warranted. This Court should issue a certificate of appealability only if the petitioner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To make this substantial showing, Mays "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong," Tennard v. Dretke, 542 U.S. 274, 282 (2004) (quoting Slack v. McDaniel, 529 U.S. 473, 484 (2000)), or that "the issues presented were 'adequate to deserve encouragement to proceed further,'" Miller-El v. Cockrell, 537 U.S. 322, 335–36 (2003) (quoting Barefoot v. Estelle, 463 U.S. 880, 893 n.4 (1983)).

Where a district court has rejected a petitioner's constitutional claims on the merits, the petitioner must demonstrate that reasonable jurists would find the district court's

assessment of the constitutional claims debatable or wrong. See Slack, 529 U.S. at 484. However, when the district court has rejected a claim on procedural grounds, the petitioner must show that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Id. Upon consideration of the record as a whole, this Court will deny a certificate of appealability.

As such, and in accordance with the Rules Governing Section 2255 Cases in the United States District Courts, it is hereby

**ORDERED**:

1. The Court **ADOPTS** the Magistrate Judge's Report and Recommendation (Civ. Doc. 20) on Ground One as the opinion of the Court.

2. Petitioner Elgin Mays's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence (Civ. Doc. 1) is **DENIED**.

3. The Clerk shall enter judgment in favor of the United States and against Elgin Mays, and close the file.

4. If Mays appeals the denial of the petition, the Court denies a certificate of appealability. Because this Court has determined that a certificate of appealability is not warranted, the Clerk shall terminate from the pending motions report any motion to proceed on appeal as a pauper that may be filed in this case. Such termination shall serve as a denial of the motion.

**DONE AND ORDERED** at Jacksonville, Florida this 5th day of July, 2018.

*[signature]*
MARCIA MORALES HOWARD
United States District Judge

lc 19

Copies:

Honorable James R. Klindt
United States Magistrate Judge

Petitioner Elgin Mays

Counsel of record

Sylvia Irvin, Esq.
Federal Public Defender of Nevada
411 E. Bonneville Ave., Ste. 250
Las Vegas, NV 89101–6632